UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. KLINGE,  )
    Plaintiff,  )
) No. 1:13-cv-213
-v-  )
) HONORABLE PAUL L. MALONEY
SUSAN VANDECAR, et al.,  )
    Defendants.  )
_____ )

## ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION

Plaintiff Robert Klinge filed a petition for declaratory and injunctive relief (ECF No. 1), along with a request for a temporary restraining order (ECF No. 4). Klinge was granted leave to proceed *in forma pauperis*. (ECF No. 5.)

### COMPLAINT

Klinge alleges that he is the owner and holder of a federal land patent filed with the Barry County, Michigan, Register of Deeds. (Compl. 2.) He received the land patent on July 9, 1992, for property number 08-041-085-001-00, also known as 307 Arlington Avenue, Middleville, Michigan, lots 1 and 2, Thorton addition. (Compl. 5.) Klinge asserts, since "taking allodial title" to the property, he has "elected to continue gifting amounts to Barry County equal to taxes has had previously been paying." (*Id.*) In 2009, Klinge's financial situation changed, and he was not able to make his annual contribution. (*Id.*) In May 2011, Defendants filed a petition for foreclosure. (*Id.* 5-6.) After a hearing on February 2, 2012, Judge William Doherty foreclosed the property in favor of the Barry County Treasurer. (ECF No. 1-1 Pl. Ex. 1 "Judgment of Foreclosure.") Klinge appealed. On January 8, 2013, the Michigan Court of Appeals affirmed the judgment of foreclosure. (ECF No. 1-2 Pl. Ex. 2 "Michigan Court of Appeals Opinion."). On February 8, 2013, the Michigan Supreme Court denied Klinge leave to appeal the Michigan Court of Appeals Opinion. (ECF No.

1-3 Pl. Ex. 3 "Michigan Supreme Court Order.").

In this lawsuit, Klinge seeks multiple forms of relief. First, Klinge wants this Court to "declare the judgment entered on February 2, 2012, by Family Court Judge, WILLIAM M. DOHERTY in the Barry County Circuit Court void." (Compl. 1-2.) Second, Klinge wants this Court to reverse "the denial of Klinge's Petition to Vacate on January 18, 2013, by the Michigan Court of Appeals." (*Id.* 2.) Third, Klinge requests this Court declare "Petitioner's Federal Land Patent superior and unassailable by local or county authority." (*Id.*) Finally, Klinge seeks an order "permanently prohibiting any further action against Petitioner's property by Respondents, their successors and assigns." (*Id.*)

## ANALYSIS

A court must dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint will be dismissed as frivolous when it "lacks even an arguable basis either in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court must also dismiss any action if the court determines that it lacks subject-matter jurisdiction over the lawsuit. Fed. R. Civ. P. 12(h)(3). Subject-matter jurisdiction may be determined at any time, even *sua sponte*. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978). Finally, under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction over actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Thomas v. Eby*, 481 F.3d 434, 437-38 (6th Cir. 2007) (quoting *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006)). "Because *Rooker-Feldman*

concerns federal subject matter jurisdiction, this court may raise the issue *sua sponte* at any time." *Saker v. Nat'l City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004) (citation omitted).

This Court lacks subject-matter jurisdiction over this lawsuit. Klinge and Defendants are all citizens of the State of Michigan. Therefore, diversity of citizenship does not exist under 28 U.S.C. § 1332. Neither does this Court have jurisdiction over a federal question under 28 U.S.C. § 1331. "A federal land patent does not confer federal jurisdiction over any legal dispute that touches the land." *Corrigan v. Leclair*, 206 F. App'x 771, 772 (10th Cir. 2006); *see Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985) ("It is well settled, however, that a controversy regarding land has never been regarded as presenting a federal question simply because one of the parties to it has derived his title from a patent or under an act of Congress.") (collecting cases). Furthermore, Klinge's particular controversy arises from his failure to pay state taxes, not federal taxes, which makes this dispute a state-law issue, not a federal-law issue. *See Hilgeford*, 776 F.2d at 179 ("The instant case does not require the interpretation or construction of [federal constitutional or statutory provisions]. Rather, the action involves only mortgage foreclosure, proper for state court determination not federal court. Land title and possessory actions are generally not the business of federal courts."); *McNeil v. Anderson*, No. 06-cv-73, 2006 WL 1401628, at * 1 (N.D. Ok. May 22, 2006) ("The present case does not concern plaintiff's right to a tax exemption under federal law, but merely concerns the assessment of ad valorem taxes under the laws of Oklahoma. Any exemption plaintiff may seek from property taxes assessed by the Oklahoma Tax Commission or Rogers County would arise under the laws of Oklahoma, not federal law.").

Additionally, the complaint squarely falls under the *Rooker-Feldman* doctrine, providing another reason why this Court lacks subject-matter jurisdiction. Klinge seeks an order from this

3

Court voiding the orders issued by the Barry County Circuit Court and the Michigan Court of Appeals. The injuries of which Klinge complains arise from the state court proceedings. In other words, Klinge has asked this Court to function as appellate review of decisions issued by a state trial court and state appellate court. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006) ("Accordingly, under what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.") Klinge has not advanced any claim or injury independent of that which occurred in state court. *See Skinner v. Switzer*, – U.S.–, 131 S.Ct. 1289, 1287 (2011) (explaining that when a federal plaintiff presents an independent claim, *Rooker-Feldman* does not operate as an impediment to the exercise of federal jurisdiction and quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292-93 (2005)). To the extent that Klinge seeks other relief, such as a declaration that his title is superior, such relief merely operates as a collateral attack on the state court proceedings.

## CONCLUSION

Because this Court lacks subject-matter jurisdiction over this lawsuit, the action is **DISMISSED. IT IS SO ORDERED.**

Because Klinge has been granted *in forma pauperis* status, this Court must determine whether any appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The Court declines to issue a Good Faith Certificate. Using an objective standard, no basis exists for federal subject-matter jurisdiction and any appeal would be frivolous.

Date: February 27, 2013             /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief United States District Judge